**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SAMUEL MARK RETTIG,**<br><br>**Defendant.** | **Case No. 26-CR-150-JFH** |

## OPINION AND ORDER

Before the Court are three remaining evidentiary disputes between the parties in this case. First, the United States of America ("Government") objects [Dkt. No. 32] to Defendant Samuel Mark Rettig's notice of intent to offer text messages at trial under Fed. R. Evid. 807 [Dkt. No. 27]. Second, Defendant moves to exclude evidence of his uncharged drug use and dealing as irrelevant, overly prejudicial, and lacking requisite notice under Fed. R. Evid. 404(b)(3). Dkt. No. 30. Third, the Government moves to exclude evidence of the victim, Shelby Hansen's suicidal intent pursuant to Fed. R. Evid. 401, 402, and 403. This Order shall address each of these disputes in turn.

## BACKGROUND

On April 21, 2026, Defendant was indicted for Distribution of Fentanyl Resulting in Death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as Use of a Communication Facility in Committing, Causing, and Facilitating the Commission of a Drug Trafficking Felony, in violation of 21 U.S.C. § 843(b) and (d)(1). Dkt. No. 2. It is alleged that, on or about December 20, 2024, Defendant knowingly and intentionally distributed fentanyl, a Schedule II controlled substance, resulting in the death of Shelby Hansen. *Id.* at 1. It is further alleged that, from on or about December 18, 2024, though December 20, 2024, Defendant knowingly and intentionally used a telephone to coordinate, plan, and facilitate the distribution of fentanyl. *Id.* at 2.

## UNIFYING STANDARD

A prerequisite to the admissibility of evidence at trial is its relevance to the trier of fact. Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. "The fact to be proved may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action." Fed. R. Evid. 401, Advisory Committee's Notes to 1972 Proposed Rules. Whether the parties are in dispute regarding the fact is likewise immaterial, for "[e]vidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding." *Id.*; *United States v. Condrin*, 473 F.3d 1283, 1286 n.2 (10th Cir. 2007).

Relevant evidence is admissible unless it is either specifically excluded elsewhere under the Federal Rules of Evidence or otherwise barred by application of the United States Constitution, a federal statute, or other rule adopted by the United States Supreme Court. Fed. R. Evid. 402. Nevertheless, courts have discretion to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *United States v. Martinez*, 938 F.2d 1078, 1082 (10th Cir. 1991) (noting that "[a] trial judge's discretion under Rule 403 . . . is broad"). "'Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged.'" *United States v. Henthorn*, 864 F.3d 1241, 1256 (10th Cir. 2017) (quoting *United States v. MacKay*, 715 F.3d 807, 840 (10th Cir. 2013)).

## DISCUSSION

The ultimate issues to be determined by the trier of fact in this case are relatively straightforward:

(1) Did Defendant knowingly use a telephone from on or about December 18, 2024, though December 20, 2024, with the intention of committing, causing, or facilitating the unlawful distribution of fentanyl;

(2) Did Defendant knowingly or intentionally engage in the unlawful distribution of fentanyl on or about December 20, 2024; and

(3) Did Shelby Hansen's death result from using fentanyl that was knowingly or intentionally distributed by Defendant?

*See* Tenth Circuit Criminal Pattern Jury Instructions 2.85.1 and 2.86 (2026). Any evidence to be presented at trial must be relevant to at least one of these issues.

### I. Defendant's Rule 807 Notice

Defendant has given notice of his intent to offer several out-of-court statements during trial. Dkt. No. 27. These include text-messages exchanged between him and the victim as well as text messages sent by the victim to "a close friend of hers, C.C." *Id.* at 3-12. In addition to the messages specifically identified in his notice, Defendant indicates that he "may determine closer to trial that other text messages by these declarants should be offered." *Id.* at 1. Should any of these statements fail to qualify for an enumerated exception to the rule against hearsay, Defendant intends to offer them according to the residual exception provided under Fed. R. Evid. 807. *Id.* The Government objects to his notice, arguing that Defendant has failed to meet Rule 807's requirements with respect to the identified text messages and that a pretrial ruling on any unidentified statements would be improper. Dkt. No. 32.

Rule 807 provides that a hearsay statement may be admitted notwithstanding its failure to qualify for an exception under Rule 803 or 804 provided:

> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a). This "catch-all" exception to the rule against hearsay is reserved for use in only extraordinary circumstances, *e.g.*, *United States of America v. Burgess*, 99 F.4th 1175, 1183 (10th Cir. 2024), and a party seeking to invoke it bears "the 'heavy burden' of showing that both prongs are met," *United States v. McFadden*, 116 F.4th 1069, 1082 (10th Cir. 2024) (quoting *United States v. Trujillo*, 136 F.3d 1388, 1396 (10th Cir. 1998)).

First, "a court must find that the declarant 'was particularly likely to be telling the truth when the statement was made.'" *Burgess*, 99 F.4th at 1184 (quoting *Idaho v. Wright*, 497 U.S. 805, 822 (1990)). "Though 'courts have considerable leeway in their consideration of appropriate factors,' the relevant circumstances are those 'that surround the making of the statement and that render the declarant particularly worthy of belief,' such that 'the test of cross-examination would be of marginal utility.'" *United States v. Rith*, 164 F.3d 1323, 1335 (10th Cir. 1999) (quoting *Wright*, 497 at 819-22). It is not enough that "merely . . . a majority of the factors signal trustworthiness." *McFadden*, 116 F.4th at 1086. Rather, "the circumstances surrounding the offered hearsay statement must be '[un]equivocal' such that its trustworthiness is 'guarantee[d].'" *Id.* (quoting *United States v. Tome*, 61 F.3d 1446, 1453 (10th Cir. 1995)).

Second, the proponent must show that the out-of-court statement is the most probative evidence reasonably obtainable on the point for which it is intended to be offered. Fed. R. Evid. 807(a)(2). In other words, admission of the statement must be "necessary in the interest of justice." *United States v. Farley*, 992 F.2d 1122, 1126 (10th Cir. 1993). Courts must exercise considerable scrutiny in making this determination, for "[i]t is axiomatic that the Federal Rules of Evidence

favor live testimony over statements made outside the courtroom." *McFadden*, 116 F.4th at 1088. The burden is therefore especially high "[w]hen the 'key factual issues' at trial turn on the 'credibility' and 'demeanor'" of the witnesses. *Id.* (quoting *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004)).

To date, the Court has yet to admit evidence under Rule 807 in any trial, and Defendant's notice fails to demonstrate that there are extraordinary circumstances in this case that would justify its use now. Defendant's own text messages offer virtually zero guarantees of trustworthiness, and his availability to testify during trial obviates any need to admit his prior communications with the victim. In any case, his relationship with or affection for the victim is in no way relevant to the issues at hand. The circumstances surrounding the victim's text messages also fail to guarantee that her statements are sufficiently trustworthy to warrant admission under Rule 807. Her relationship with Defendant is itself reason to doubt the trustworthiness of their communications. *United States v. Lozado*, 776 F.3d 1119, 1133 (10th Cir. 2015) ("A close relationship between the declarant and the defendant can damage the trustworthiness of a statement.") (collecting cases). With the added availability of exceptions under Rule 804, Defendant will have adequate opportunity to admit any relevant statements by the victim without the need to resort to Rule 807. Furthermore, the Government is correct in that no pretrial ruling should be made with respect to any unidentified messages. *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), *aff'd*, 402 F. App'x 337 (10th Cir. 2010) ("[I]n many cases, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context.").

## II. Defendant's Motion in Limine

Defendant moves to exclude any evidence regarding either his personal drug use or uncharged acts of distribution. Dkt. No. 30. He argues that such evidence would be irrelevant and overly prejudicial if admitted. *Id.* at 2-5. He also asserts such evidence should be excluded because the Government has failed to submit a notice of intent as required under Fed. R. Evid. 404(b)(3) within the deadline established by the Court. *Id.* at 5; *see* Dkt. No. 40 (setting November 3, 2026, as the deadline to file evidentiary notices, including those under Rule 404). While the motion is titled "opposed," the Government has neither responded to Defendant's arguments nor sought leave to file a notice under Rule 404(b)(3).

The Court struggles to anticipate any relevance in Defendant's personal drug use or dealing to individuals outside of the dates charged in the Indictment beyond an impermissible suggestion of propensity. Because the Government has not provided notice of intent to admit any such evidence, further discussion on this issue is unnecessary. The Court finds that Defendant's motion in limine [Dkt. No. 30] should be granted.

## III. The Government's Motion in Limine

Finally, the Government moves to exclude evidence of the victim's suicidal intent as irrelevant and unfairly prejudicial. Dkt. No. 33. Defendant opposes the motion, arguing that such evidence is necessary to present a constitutionally complete defense. Dkt. No. 38. The Court finds, however, that the Government's motion in limine [Dkt. No. 33] should be granted.

Whether the victim was suicidal is, on its own, entirely irrelevant to the charges in this case and unnecessary for the presentation of a complete defense. *See United States v.* Hammers, 942 F.3d 1001, 1011 (10th Cir. 2019) (affirming the district court's refusal to admit exculpatory statements contained within a suicide note written by the defendant's alleged accomplice under

Rule 807 where the accomplice was allegedly in a close relationship with defendant, had acted dishonestly in connection with the underlying criminal conduct, and was unlikely to have been in a rational state of mind when composing the note). Admitting evidence on this point would threaten to seriously confuse the only real issues pertaining to the victim in this case, namely, whether Defendant sold her fentanyl and whether her death resulted from the use of said fentanyl. As such, the Court will not permit evidence which serves no other purpose than to show that the victim was suicidal. The referenced note found on her refrigerator, for instance, is entirely beside the point and will not be admitted. However, insofar as there are communications pertinent to the victim's state of mind with respect to her averred desperation to obtain drugs, those statements may be offered to the extent they are otherwise admissible under the Federal Rules of Evidence and proper foundation is laid.

## CONCLUSION

IT IS THEREFORE ORDERED that the Government's objection [Dkt. No. 32] to Defendant's Notice of Intent to Offer Evidence under Federal Rule of Evidence 807 [Dkt. No. 27] is SUSTAINED; Defendant's Opposed Motion in Limine to Exclude Evidence [Dkt. No. 30] is GRANTED; and the Government's Motion in Limine to Exclude Speculative Evidence About Victim's Suicidal Intent [Dkt. No. 33] is GRANTED.

Dated this 25th day of November 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE